## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEVERLEY MARTIN**
**1200  Redcrested Court**
**Upper Marlboro, MD  20774,**

          **Plaintiff,**

       **v.**

**CITIBANK, INC.**
**1101 Pennsylvania Avenue, N.W.**
**Suite 1000**
**Washington, D.C.  20004,**

        **Defendant.**

**Civil Action No. _____**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Citibank, Inc. ("Citibank") files this Notice of Removal of the above-captioned matter from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.  The grounds for removal are as follows:

1.     On October 22, 2007, Plaintiff Beverley Martin ("Ms. Martin") filed a Complaint in the Superior Court of the District of Columbia.

2.     On November 21, 2007, Citibank was served with Ms. Martin's Complaint in the Superior Court of the District of Columbia.  True and correct copies of the Complaint, the Summons, and the Initial Order served on Citibank are attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

3.      The Complaint, Summons, and Initial Order constitute all process, pleadings and orders served in this action as of this date.

4.      Ms. Martin is the sole identified Plaintiff in this action.

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Ms. Martin brings claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. See Exhibit 1, Complaint, ¶¶ 54-58, 60-64.

6.      Therefore, this case may be removed to this Court by Citibank pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

7.      This Court is the district court of the United States for the district and division embracing the place where this action is currently pending.

8.      This Notice of Removal is filed with this Court within 30 days after Ms. Martin served her Complaint.

9.      Attached hereto as Exhibit 2 is a copy of the Notice of Filing Notice of Removal, the original of which is being filed with the District of Columbia Superior Court Clerk, as required by 28 U.S.C. § 1446(d).

10.      Attached hereto as Exhibit 3 is a copy of the Notice to Plaintiff of Filing of Notice of Removal, the original of which is being served on Ms. Martin in accordance with 28 U.S.C. § 1446(a).

WHEREFORE, Defendant Citibank, Inc. respectfully requests that the Clerk note that this action has been removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, and that all proceedings hereafter shall take place in the United States District Court for the District of Columbia.

Dated:  December 20, 2007

Respectfully submitted,

LITTLER MENDELSON, P.C.


By:  _____

Paul J. Kennedy (D.C. Bar No. 428623)
Katherine A. Goetzl (D.C. Bar No. 457660)
1150 17th Street N.W., Suite 900
Washington, DC  20036
202.842.3400  telephone
202.842.0011  facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal was served this 20th day

of December, 2007, by first-class mail and electronically, upon:

Linda M. Correia
Webster, Frederickson, Henrichsen, Correia & Puth, P.L.L.C.
1775 K Street, N.W., Suite 600
Washington, DC  20006
lcorreia@wfhcplaw.com


_____
Katherine A. Goetzl

Firmwide:83829872.1 022839.1000

# EXHIBIT 1



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

BEVERLEY MARTIN
Vs.
CITIBANK, INC.

C.A. No.    2007 CA 007039 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A TERRELL
Date:   October 22, 2007
Initial Conference: 9:15 am, Friday, January 25, 2008
Location:   Courtroom 219
               500 Indiana Avenue N.W.
               WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Beverley Martin | 0007038-07 |
| *Plaintiff* | |
| vs. | Civil Action No. |
| Citibank, Inc. | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Linda M. Correia | |
| Name of Plaintiff's Attorney | By _____ |
| 1775 K. St., N.W., Suite 600 | Deputy Clerk |
| Address | |
| Washington, D.C. 20006 | |
| (202) 659-8510 | Date 10/22/2007 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-446/Mar. 91

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **BEVERLEY MARTIN**<br>1200 Redcrested Court<br>Upper Marlboro, MD 20774,<br><br>    **Plaintiff**<br><br>    v.<br><br>**CITIBANK, INC.**<br><br>Serve: Ms. Alyson Klug<br>Mid-Atlantic Regional President<br>Citibank<br>1101 Pennsylvania Ave., N.W.<br>Suite 1000<br>Washington, D.C. 20004,<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

U00703S-07

Civil Action No.
Civil Calendar No.

> RECEIVED
> Civil Clerk's Office
> **OCT 2 2 2007**
> Superior Court of the
> District of Columbia
> Washington, D.C.

**COMPLAINT**
(Sex Discrimination, Sexual Harassment, Retaliation, Negligent Supervision)

COMES NOW the Plaintiff Beverley Martin, by and through her attorneys, Webster,

Fredrickson, Henrichsen, Correia & Puth, P.L.L.C., and for her Complaint in the above-captioned

action states to this Honorable Court as follows:

**PARTIES**

1.    Plaintiff Beverley Martin is an adult female African-American resident of the

State of Maryland.

2.    Upon information and belief, Defendant Citibank is an international bank

organized under the laws of New York, authorized to do business in the District of Columbia and

doing business in the District of Columbia, and is an employer within the meaning of D.C. Code

§ 2-1401.02(10) (2001 Ed., as amended).

## JURISDICTION

3.    Jurisdiction is founded upon D.C. Code §§ 2-1403.16, 11-921, and 13-423 (2001 Ed.).

4.    Venue is proper as all of the acts complained of herein occurred in the District of Columbia.

## FACTS GIVING RISE TO RELIEF

5.    In or about November, 1999, Plaintiff Martin was hired as an employee by Defendant Citibank as a Financial Center Operations Manager at Citibank's Adams Morgan Financial Center. Plaintiff Martin was promoted to the position of Relationship Manager in September of 2003.

6.    At all times relevant hereto, Plaintiff Martin has worked for Defendant Citibank at the Bank's Washington, D.C. branches at 1775 Pennsylvania Ave., N.W., Washington, D.C. 20006 and 1000 Vermont Ave., N.W., Washington, D.C. 20005, in the District of Columbia. Both premises were under the control of Defendant Citibank.

7.    As a Relationship Manager, Plaintiff Martin was charged with developing new accounts for Defendant Citibank.

8.    Defendant Citibank required Plaintiff Martin to spend considerable time at three or four assigned branches that she "covered" as a Relationship Manager.

9.    Upon information and belief, Defendant Citibank hired Fred Winfield in November, 2005 as a Personal Banker. Defendant Citibank assigned Mr. Winfield to Plaintiff Martin as a Personal Banker. In this position, Mr. Winfield was assigned to work closely with

2

Plaintiff Martin and accompany her when she traveled to identify and enroll new customers.

10.    In December of 2005, and ongoing until July of 2006, Plaintiff Martin was subjected to a campaign of sexual harassment leveled against her by Fred Winfield, Defendant Citibank's employee, in the form of sexually offensive comments and unwelcome touching, thereby creating a hostile work environment on the basis of her sex, female.

11.    On or about December 9, 2005, Plaintiff Martin attended a Citibank Christmas party. At the party, Fred Winfield repeatedly asked Plaintiff Martin to dance with him. Plaintiff Martin refused each time.

12.    After Plaintiff Martin clearly rejected his advances and moved away from him while at the Citibank Christmas party, Fred Winfield followed Plaintiff Martin and put his arms around her. Plaintiff Martin again rejected Fred Winfield's advances and told him that she had no interest in him. Fred Winfield continued to harass Plaintiff Martin throughout the evening.

13.    In December of 2005, and continuing through July of 2006, Fred Winfield made repeated sexual advances toward Plaintiff Martin while working for Citibank. Fred Winfield repeatedly went to Plaintiff Martin's office without any legitimate business purpose. He also made several unwanted advances toward Plaintiff Martin. For instance, he invited Plaintiff Martin to lunch; commented on her fragrance; and asked for her personal phone number. Further, Mr. Winfield inappropriately touched Plaintiff Martin on a number of occasions. In each instance when Fred Winfield made unwanted advances, Plaintiff Martin rebuffed those advances and gave Fred Winfield no indication that she reciprocated Fred Winfield's interest.

14.    Throughout December of 2005 through July of 2006, Fred Winfield also made several obscene phone calls to Plaintiff Martin. During normal business hours, he would

3

frequently telephone Plaintiff Martin at her desk and whisper "call me daddy" in an overtly sexual tone or simply breathe deeply into the telephone before hanging up.

15.    Plaintiff Martin repeatedly complained to Defendant Citibank's officials, but none took effective measures to curb Mr. Winfield's harassment of Plaintiff Martin.

16.    In January of 2006, Plaintiff Martin informed Pat Johnson, Mr. Winfield's direct supervisor, of Mr. Winfield's harassment. Pat Johnson assured Plaintiff Martin that Winfield would not be at Citibank for long. Nevertheless, on or about February 23, 2006, Citibank assigned Plaintiff Martin to work on another project with Mr. Winfield. Upon learning of the assignment, Plaintiff Martin again explained to Pat Johnson how Mr. Winfield had harassed her.

17.    Plaintiff Martin also complained to Area Operations Manager Marcella Martin about Mr. Winfield's harassment in January of 2006. Marcella Martin told Plaintiff Martin that Mr. Winfield was a little strange and would not be around long. Yet, Citibank still forced Plaintiff Martin to work with Mr. Winfield.

18.    Fred Winfield also inappropriately touched Plaintiff Martin on several occasions. For instance, on or about February 10, 2006, while Fred Winfield was on assignment with Plaintiff Martin when he approached her from behind and put his arms around her waist and attempted to hug her. Plaintiff Martin forcefully rejected Fred Winfield's advances and told him that she would not tolerate his behavior.

19.    Again, on or about March 1, 2006, Fred Winfield went to Plaintiff Martin's office and told her that she smelled good, that he was attracted to her and no one else. On that occasion, once again, he told her that he wanted her to "call me daddy." Mr. Winfield then approached Plaintiff Martin from behind as she sat at her computer and put his arms around her.

4

Plaintiff Martin demanded that Mr. Winfield immediately leave her office. Mr. Winfield left the office briefly to get a cup of coffee. In an effort to limit contact with Mr. Winfield, Plaintiff Martin put the material Mr. Winfield had requested outside her office. However, this only angered Mr. Winfield when he returned. Winfield then blocked Plaintiff Martin from leaving her office. He persisted and finally left the area when Plaintiff Martin threatened to scream.

20.     On or about March 1, 2006, when Mr. Winfield was in Plaintiff Martin's office, Plaintiff Martin called Operations Manager Jennifer Dixon and told her that Mr. Winfield was not listening to her or following her instructions.

21.     Furthermore, on or about March 1, 2006, Plaintiff Martin met with Pat Johnson regarding Mr. Winfield's harassment. Plaintiff Martin again told Pat Johnson of Mr. Winfield's continual harassment. Pat Johnson called Mr. Winfield into the office and told him, with Plaintiff Martin present, that Plaintiff Martin had made a complaint against him. Mr. Winfield admitted that Plaintiff Martin's allegations that he had touched Plaintiff Martin, asked Plaintiff Martin to "call him daddy" and that he had frequently showed up unannounced at Plaintiff Martin's office were true.

22.     During this March 1, 2006 meeting, Pat Johnson told Plaintiff Martin that she would handle the situation.

23.     After meeting with Pat Johnson, Plaintiff Martin complained to Financial Center Manager Joe Mariachi about the March 1, 2006 incident, and about Mr. Winfield's ongoing harassment since the Christmas party.

24.     On or about March 15, 2006, Plaintiff Martin attended a meeting with Marcella Martin and Eric Johnston, Defendant Citibank's Human Resources Manager. Plaintiff Martin

told Mr. Johnston about Mr. Winfield's persistent harassment.

25.    Despite Human Resources' assurances, Plaintiff Martin was forced to continue to have contact with Mr. Winfield.

26.    Upon information and belief, Mr. Winfield was assigned to Defendant Citibank's McPherson Square Center, located at 1000 Vermont Ave., N.W., Washington, D.C. 20005. Plaintiff Martin "covered" this branch as part of her duties as a Relationship Manager.

27.    Fred Winfield continued to telephone and harass Plaintiff Martin.

28.    Between March and July of 2007, Plaintiff Martin repeatedly told Financial Center Manager Mary Lou Plato that she did not want any contact with Mr. Winfield. These requests were ignored, as Plaintiff Martin continued to receive business calls and harassing calls from Mr. Winfield. Further, Ms. Plato assigned Plaintiff Martin to work with Mr. Winfield on weekends despite her knowledge of Mr. Winfield's persistent harassment of Plaintiff Martin.

29.    On or about July 19, 2006, in the presence of her manager, Bernardo Rojas, Plaintiff Martin asked Emily Milian, a Citibank representative from the New York office, why she was still being forced to work with Mr. Winfield. Ms. Milian responded by asking, "What's the big deal working with Fred?" Ms. Milian so responded despite Plaintiff Martin's repeated complaints about Mr. Winfield's harassment of her and despite Plaintiff Martin's complaints that Mr. Winfield's actions had not been thoroughly investigated.

30.    Mr. Winfield's continual harassment of Plaintiff Martin caused Plaintiff Martin to have great anxiety about going to work and caused her great stress. For instance, Plaintiff Martin vomited in her office due to Mr. Winfield's harassment and Defendant Citibank's failure to address it. Further, Mr. Winfield's harassment caused Plaintiff Martin to take several steps to

6

avoid contact with him.

31.    Plaintiff Martin timely complained of sexual harassment and retaliation to the

Equal Employment Opportunity Commission ("EEOC") in July of 2006. The EEOC cross-filed

the charge with the District of Columbia Office of Human Rights. The EEOC issued a Notice of

Right to Sue to Plaintiff Martin on July 23, 2007.

32.    Defendant Citibank also retaliated against Plaintiff Martin because of her

complaints of sexual harassment.

33.    On or about June 23, 2006, while she was highly stressed due to the harassment

and Citibank's failure to respond, Plaintiff Martin attended a meeting attended by approximately

twelve to fifteen people. After Plaintiff Martin complained that her unit in Citibank was not

being supported, several people criticized her and interrupted her while she was speaking.

Plaintiff Martin told one of her colleagues who had interrupted her to "shut up" and requested

that she be allowed to continue speaking.

34.    After the meeting, Plaintiff Martin immediately apologized to her colleague and

the other participants in the meeting.

35.    In a private meeting between Plaintiff Martin, her manager Bernardo Rojas, and

Area Operations Manager Marcella Martin, Plaintiff Martin was assured that her apology was

accepted and that there would be no further action taken against her.

36.    Despite reassurances to the contrary, on or about June 28, 2006, Defendant

Citibank suspended Plaintiff Martin for three (3) days, giving Plaintiff Martin's statement in the

June 23, 2006 meeting as the reason. Plaintiff Martin was also provided with a written warning

by Emily Milian, a Citibank representative from New York.

7

37.    Upon information and belief, Defendant Citibank punished Plaintiff Martin to a far greater extent than other employees who spoke in a similar manner, because of her sexual harassment complaints.

38.    In November, 2006, Plaintiff Martin contacted Eric Johnston, the Human Resources Manager, to encourage him to investigate her complaints against Winfield. Upon information and belief, instead of investigating Winfield, Johnston communicated, through Plaintiff Martin's manager Rojas, that Plaintiff Martin should read her disciplinary letter.

39.    During the period from 2003 to 2005, Plaintiff Martin was the top performer among Relationship Managers in the Mid-Atlantic region. Plaintiff Martin won each quarterly sales award for each quarter of those years. She maintained this level of excellence through the first three quarters of 2006.

40.    Despite her exemplary performance, Defendant Citibank denied Plaintiff Martin the quarterly sales awards in 2006 in retaliation for her complaints about sexual harassment.

41.    Defendant Citibank instead gave the awards to another Relationship Manager who was behind Plaintiff Martin in the sales rankings.

### COUNT I
**(Sex Discrimination and Sexual Harassment in Violation of the District of Columbia Human Rights Act)**

42.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint with the same force and vigor as if set out here in full.

43.    Plaintiff Martin was subjected to an ongoing campaign of sexual harassment leveled against her by Winfield, which took the form of, among other things, sexually offensive comments, unwelcomed touching, and other discriminatory conduct directed toward Plaintiff

8

Martin and thereby creating a hostile work environment.

44.     The acts committed by Winfield, an employee of Defendant Citibank, were committed in wholly or partially because of, or on account of, Plaintiff Martin's sex, female, and such acts constitute sex discrimination and sexual harassment in violation of Section 2-1402.11 of the District of Columbia Human Rights Act. D.C. Code §§ 2-1401.01 *et seq*. (2001 Ed., as amended).

45.     As a direct and proximate result of Defendant's unlawful, outrageous and egregious acts, Plaintiff Martin suffered and continues to suffer lost earnings and benefits, pain, suffering, professional and personal embarrassment, and humiliation, mental anguish and mental distress, as well as changes to the terms and conditions of her employment.

46.     Despite prior knowledge of Winfield's sexually harassing and assaultive behaviors prior to January 26, 2006, Defendant Citibank failed to prevent the sexual harassment and assault on Plaintiff Martin.

47.     The acts committed by Defendant Citibank were willful, malicious, wanton, intentional, in reckless disregard of Plaintiff's rights, and unlawfully discriminated against Plaintiff Martin on account of her sex.

## COUNT II
### (Retaliation in Violation
of the District of Columbia Human Rights Act)

48.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint with the same force and vigor as if set out here in full.

49.     Defendant Citibank retaliated against Plaintiff Martin for complaining about sexual harassment by Winfield when it suspended her, denied her a sales award, and by

9

fabricating charges against her.

50. Defendant Citibank retaliated against Plaintiff Martin, through its officers and agents, because or on account of her complaints of discrimination in violation of Section 2-1402.11 of the District of Columbia Human Rights Act. D.C. Code §§ 2-1401.01 *et seq.* (2001 Ed., as amended).

51. As a direct and proximate result of Defendant's unlawful, outrageous and egregious acts, Plaintiff Martin suffered and continues to suffer lost earnings and benefits, pain, suffering, professional and personal embarrassment, and humiliation, mental anguish and mental distress, as well as changes to the terms and conditions of her employment.

52. The acts committed by Defendant Citibank were willful, malicious, wanton, intentional, in reckless disregard of Plaintiff's rights, and unlawfully retaliated against her because of her complaints of sex discrimination and harassment.

### Count III
#### (Sex Discrimination and Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended)

53. Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint with the same force and vigor as if set out here in full.

54. Plaintiff Martin was subjected to an ongoing campaign of sexual harassment leveled against her by Mr. Winfield, which took the form of, among other things, sexually offensive comments, unwelcome touching, and other discriminatory conduct directed toward Plaintiff Martin and thereby creating a hostile work environment.

55. The acts committed by Mr. Winfield, an employee of Defendant Citibank, were committed because of Plaintiff Martin's sex, female, and such acts constitute sex discrimination

10

and sexual harassment in violation of 42 U.S.C. 2000e-2(a)(1).

56.     Defendant Citibank's managers knew or should have known about the sexual harassment of Plaintiff Martin by Mr. Winfield.

57.     Defendant Citibank's managers failed to take immediate and appropriate corrective action to stop the sexual harassment of Plaintiff Martin by Mr. Winfield.

58.     As a direct and proximate result of Defendant's unlawful, outrageous and egregious acts, Plaintiff Martin suffered and continues to suffer lost earnings and benefits, pain, suffering, professional and personal embarrassment, and humiliation, mental anguish and mental distress, as well as changes to the terms and conditions of her employment.

## COUNT IV
### (Retaliation in Violation of
### Title VII of the Civil Rights Act of 1964, as amended)

59.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint with the same force and vigor as if set out here in full.

60.     Defendant Citibank retaliated against Plaintiff Martin for complaining about sexual harassment by Winfield when it suspended her, denied her a sales award, and by fabricating charges against her.

61.     Defendant Citibank retaliated against Plaintiff Martin because of her complaints of discrimination in violation of 42 U.S.C. § 2000e-3(a).

62.     Defendant Citibank knew or should have known about the retaliation against Plaintiff Martin by Citibank managers.

63.     Defendant Citibank failed to take immediate and appropriate corrective action to

11

stop the retaliation against Plaintiff Martin by Citibank managers.

64.     As a direct and proximate result of Defendant's unlawful, outrageous and egregious acts, Plaintiff Martin suffered and continues to suffer lost earnings and benefits, pain, suffering, professional and personal embarrassment, and humiliation, mental anguish and mental distress, as well as changes to the terms and conditions of her employment.

## Count V
## (Negligent Supervision)

65.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-41 of this Complaint with the same force and vigor as if set out here in full.

66.     Fred Winfield's acts on or about December 9, 2005, February 10, 2006, and March 1, 2006 constitute assault and battery by Mr. Winfield by putting her in fear and apprehension of physical harm, and subjecting her to unwanted touching.

67.     As Plaintiff Martin's employer, Defendant Citibank had a duty to provide a safe place to work and to enforce rules for the conduct of employees which would make the work safe.

68.     Mr. Winfield's assault and battery on Plaintiff Martin occurred within the scope of his employment with and on behalf of Defendant Citibank, and was a direct outgrowth of Defendant Citibank's orders that Mr. Winfield work with Plaintiff Martin.

69.     Defendant Citibank knew or should have known of Mr. Winfield's inclination to assault and batter Plaintiff Martin because of Plaintiff Martin's repeated complaints about Mr. Winfield's touching and harassment of her, however, Defendant Citibank assigned Plaintiff Martin to work with Mr. Winfield.

12

70.     As a direct and proximate result of Defendant's unlawful, outrageous and egregious acts, Plaintiff Martin suffered and continues to suffer lost earnings and benefits, pain, suffering, professional and personal embarrassment, and humiliation, mental anguish and mental distress, as well as changes to the terms and conditions of her employment.

\*          \*          \*

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

1.      Enter judgment on her behalf against Defendant Citibank on all counts contained herein;

2.      Award Plaintiff Beverley Martin front pay, back pay, and compensatory and other damages from Defendant Citibank;

3.      Award Plaintiff Beverley Martin punitive damages from Defendant Citibank;

4.      Award Plaintiff Martin her court costs, expenses, attorneys' fees, prejudgment interest and post-judgment interest;

5.      Declare that Defendant's conduct is in violation of the District of Columbia Code Section 2-1401.01 et. seq. (2001 Ed., as amended);

6.      Declare that Defendant's conduct is in violation of Title VII 42 U.S.C. 2000e-2(a)(1), 42 U.S.C. 2000e-3(a), and in contravention of law and public policy;

7.      Declare that Defendant's conduct is in violation of its duties to provide a safe work place and to enforce rules for the conduct of employees which would make the work safe; and

13

8.    Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Beverley Martin

WEBSTER, FREDRICKSON, HENRICHSEN, CORREIA & PUTH P.L.LC.

Linda M. Correia #435027
1775 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 659-8510
Attorneys for Plaintiff

14

## VERIFICATION

I, Beverley Martin, being duly sworn on oath, do hereby state that I have read the foregoing Complaint and that it is true to the best of my knowledge, information, and belief.

_____
Beverley Martin

Subscribed and sworn to before me
this 2nd day of _October_, 2007.

_____
Notary Public

My Commission Expires:

GAIL M. SPENCE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 14, 2010

15

## JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.

Linda M. Correia #435027
1775 K Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 659-8510
Attorneys for Plaintiff

Attorney for Plaintiff

16

# EXHIBIT 2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **BEVERLEY MARTIN,**<br><br>    **Plaintiff,**<br><br>     **v.**<br><br>**CITIBANK, INC.,**<br><br>    **Defendant.** | **Civil Action No. 2007 CA 007039 B**<br>**Judge Mary A. Terrell**<br>**Next Event:  Initial Hearing 1/25/08** |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, on this date, Defendant Citibank, Inc. is filing with the
United States District Court for the District of Columbia their Notice of Removal, a copy of
which is attached to this Notice of Filing.

Dated:  December 20, 2007    Respectfully submitted,

            LITTLER MENDELSON, P.C.


      By: /s/ Paul J. Kennedy
        Paul J. Kennedy (D.C. Bar No. 428623)
        Katherine A. Goetzl (D.C. Bar No. 457660)
        1150 17th Street, N.W., Suite 900
        Washington, D.C.  20036
        202.842.3400  telephone
        202.842.0011  facsimile
        pkennedy@littler.com

        Counsel for Defendant Citibank, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Filing Notice of Removal was

served this 20th day of December, 2007, electronically, upon:

> Linda M. Correia
> Webster, Frederickson, Henrichsen, Correia & Puth, P.L.L.C.
> 1775 K Street, N.W., Suite 600
> Washington, DC  20006
> lcorreia@wfhcplaw.com


/s/ Paul J. Kennedy

Firmwide:83829432.1 022839.1000

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BEVERLEY MARTIN
1200 Redcrested Court
Upper Marlboro, MD 20774,

        **Plaintiff,**

        v.

CITIBANK, INC.
1101 Pennsylvania Avenue, N.W.
Suite 1000
Washington, D.C. 20004,

        **Defendant.**

Civil Action No. _____

### NOTICE TO PLAINTIFF

TO:    Beverley Martin
       c/o Linda M. Correia
       Webster, Frederickson, Henrichsen, Correia & Puth, P.L.L.C.
       1775 K Street, N.W., Suite 600
       Washington, DC 20006

Pursuant to 28 U.S.C. §1446(d), this constitutes notice that Defendant Citibank, Inc. has

this day filed the attached Notice of Removal in the United States District Court for the District

of Columbia, with a copy to the Superior Court of the District of Columbia, thereby effecting

removal of this matter from the Superior Court of the District of Columbia to the United States

District Court for the District of Columbia.

Dated:  December 20, 2007

Respectfully submitted,

LITTLER MENDELSON, P.C.

By:  _____
Paul J. Kennedy (D.C. Bar No. 428623)
Katherine A. Goetzl (D.C. Bar No. 457660)
1150 17th Street N.W., Suite 900
Washington, DC  20036
202.842.3400  telephone
202.842.0011  facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice to Plaintiff was served this 20th day

of December, 2007, by first-class mail and electronically, upon:

> Linda M. Correia
> Webster, Frederickson, Henrichsen, Correia & Puth, P.L.L.C.
> 1775 K Street, N.W., Suite 600
> Washington, DC  20006
> lcorreia@wfhcplaw.com

Katherine A. Goetzl

Firmwide:83830343.1 022839.1000

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Beverley Martin | Citibank, Inc. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Prince George's_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _District of Columbia_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Linda M. Correia
Webster, Frederickson, Henrichsen, Correia & Puth, P.L.L.C.
1775 K Street, N.W., Suite 600
Washington, D.C. 20006
202.659.8510

ATTORNEYS (IF KNOWN)

Paul J. Kennedy and Katherine Goetzl
Littler Mendelson, P.C.
1150 17th Street, N.W., Suite 900
Washington, D.C. 20036
202.842.3400

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ● **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☒ **442 Civil Rights-Employment**<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions**<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

○ 1 Original Proceeding  ● 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. Sec. 2000e

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** Not specified<br>**JURY DEMAND:** | Check YES only if demanded in compla<br>YES ☒  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE **December 19, 2007**   SIGNATURE OF ATTORNEY OF RECORD   *Kasha Doet*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.