**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **BEVERLEY MARTIN,** | ) |
|  | ) |
| **Plaintiff** | ) |
|  | ) |
| v. | )  Civil Action No. 07-2297 (RCL) |
|  | ) |
| **CITIBANK, N.A.,** | ) |
|  | ) |
| **Defendant.** | ) |

## ERRATA

Plaintiff Beverley Martin respectfully submits "Plaintiff's Surreply in Opposition to Motion to Dismiss and to Compel Arbitration," which should have accompanied Plaintiff's Motion for Leave to File Surreply as Exhibit 1.

Respectfully Submitted,

WEBSTER, FREDRICKSON, HENRICHSEN,
CORREIA & PUTH, P.L.L.C.

  _/s/   Linda M. Correia_
Linda M. Correia #43527
1775 K Street, N.W., Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorney for Plaintiff Martin

## CERTIFICATE OF SERVICE

      I certify that on this 4th day of February, 2008, a copy of the foregoing Errata was mailed, by first class mail, postage prepaid, to:

Paul J. Kennedy
Katherine A. Goetzl
Littler Mendelson, P.C.
1150 17th St. N.W.
Suite 900
Washington, D.C. 20036


           */s/   Linda M. Correia*
           Linda M. Correia #43527
           1775 K Street, N.W., Suite 600
           Washington, D.C.  20006
           (202) 659-8510

           Attorney for Plaintiff Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BEVERLEY MARTIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2297 (RCL) |
| | ) | |
| CITIBANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF MARTIN'S SURREPLY IN OPPOSITION TO MOTION TO DISMISS AND TO COMPEL ARBITRATION**

Comes now Plaintiff Beverley Martin ("Plaintiff"), by and through her counsel, Webster, Fredrickson, Henrichsen, Correia & Puth, PLLC, and files this Surreply in response to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and to Compel Arbitration ("Reply"). Plaintiff submits this surreply solely to address new matters raised by Defendant Citibank, N.A. ("Defendant" or "Citibank") in its Reply.

For the first time in its Reply, Defendant argues that Plaintiff Martin had the responsibility to distribute the employee handbook as part of her duties at Citibank. (Reply at 7.) Contrary to Defendant's claims, however, Plaintiff Martin was never given that duty and never had access to the employee handbook during her tenure at Citibank. (Affidavit of Beverley Martin (1/10/2008) at ¶¶ 8, 17, attached to Plaintiff's Opposition to Motion to Dismiss and to Compel Arbitration ("Opposition") as Exhibit 4; Ex. 1, Declaration of Beverley Martin (2/1/2008) at ¶ 2**.**) Defendant has not provided a position description or any other contemporaneous documentation that would support its assertion that Ms. Martin had the duty to distribute employee handbooks as part of her

job duties. (*See* Declaration of Eric Johnston at ¶ 3.) Defendant has put material facts regarding Plaintiff Martin's access to the handbook squarely in dispute, and, pursuant to Rule 56, makes dismissal of Plaintiff Martin's claims on summary judgment inappropriate. *See* Fed.R.Civ.P. 56(c).[1/]

Defendant also makes arguments based on specific language in the "Acknowledgment," which Plaintiff Martin signed in 2001. Defendant concedes, however, that it did not even locate the first page of the 2001 document until shortly before filing its reply. (Reply at 9 n.10.) Defendant does not assert that the document was part of Plaintiff's personnel file, over which Mr. Johnston has custody and control. (*See* Declaration of Eric Johnston at ¶ 3.) Thus, Defendant has failed to rebut Plaintiff's averment that she was not provided with the complete memorandum Defendant now cites as support for its contention that the policy is a binding contract.

Furthermore, Defendant argues that it had no duty to demand arbitration under the arbitration provision before Plaintiff Martin's statute of limitations had run because it is Plaintiff Martin bringing the claims against Citibank and "there was no arbitrable dispute until Plaintiff filed her lawsuit." (Reply at 5.) However, the assertion that no arbitrable dispute arose until Plaintiff filed her lawsuit in Federal court, a right Defendant claims that she did not have under the policy, is nonsensical. Obviously, Citibank would have no issue if Plaintiff Martin had demanded arbitration instead of pursuing her claims in Superior Court.

Moreover, Defendant concedes in its Reply:

---

[1/]  Notably, Eric Johnston did not begin his employment at Citibank until 2004, well after Plaintiff Martin signed the handbook receipt form and the policy receipt forms. (Declaration of Eric Johnston (1/24/2008) at ¶ 5.) Thus, Mr. Johnston never had the opportunity to observe whether Plaintiff Martin had access to the arbitration policy when she was required to acknowledge receipt of it in 2001 or 2002. Indeed, Defendant does not present any record evidence that contradicts Plaintiff Martin's averments that she never received a copy of the arbitration provision at the time she signed the receipt forms.

> Nor does the Policy exempt Citibank from complying with any applicable statute of limitations. According to the Policy, all proceedings must be brought within the statute of limitations for the asserted claim with ***no distinction made as to whether it is Citibank or an employee bringing the claim***.

(Reply at 16 (emphasis added).) Defendant had ample notice of the dispute underlying this matter, knew, as Plaintiff did not, that it was arbitrable, and it was ripe for arbitration at any time prior to the end of Plaintiff's statute of limitations. (Opposition at 7-8.)[2] As a result, there was an arbitrable dispute on which Defendant was required under the policy to demand arbitration within the statute of limitations, but Defendant failed to do so. Defendant failed to comply with its own policy. Therefore the Motion to Dismiss and to Compel Arbitration should be denied.

---

[2] Defendant's reliance on *Hughes v. CACI, Inc.*, 384 F.Supp.2d 89 (D.D.C. 2005) is inapposite to Plaintiff's position. Unlike Plaintiff Hughes, Ms. Martin never asserted that the EEOC process superceded the arbitration agreement. Rather, Plaintiff simply maintains that Citibank did not demand arbitration within the prescribed time despite its undisputed knowledge of the arbitrable dispute. (Opposition at 7-8.) There is no indication in *Hughes* that the agreement in dispute had a clause requiring the defendant to demand arbitration within a particular prescribed time, and no such provision was in dispute. *See id.*

3

For the foregoing reasons, Plaintiff Martin respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss and to Compel Arbitration in its entirety and direct Defendant to file an Answer to Plaintiff's Complaint.

Respectfully Submitted,

WEBSTER, FREDRICKSON, HENRICHSEN,
CORREIA & PUTH, P.L.L.C.


 */s/  Linda M. Correia*
Linda M. Correia #43527
1775 K Street, N.W., Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorney for Plaintiff Martin

**CERTIFICATE OF SERVICE**

      I certify that on this 1st day of February, 2008, a copy of the foregoing Plaintiff's Surreply in Opposition to Motion to Dismiss and to Compel Arbitration and proposed order was mailed, by first class mail, postage prepaid, to:

Paul J. Kennedy
Katherine A. Goetzl
Littler Mendelson, P.C.
1150 17th St. N.W.
Suite 900
Washington, D.C. 20036

                                        /s/ Linda M. Correia
                                        Linda M. Correia #43527
                                        1775 K Street, N.W., Suite 600
                                        Washington, D.C. 20006
                                        (202) 659-8510

                                        Attorney for Plaintiff Martin