UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BEVERLEY MARTIN,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**CITIBANK, N.A.,**<br><br>      **Defendant.** | Civil Action No. 07-2297 (RCL) |

### DEFENDANT CITIBANK, N.A.'S OPPOSITION
### TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

Defendant Citibank, N.A. ("Citibank"), by its undersigned counsel, pursuant to Local Civil Rule 7(b) of the U.S. District Court for the District of Columbia, hereby submits its Opposition to Plaintiff Beverley Martin's Motion for Leave to File Surreply.[1]

Plaintiff claims that she should be permitted to file a Surreply because Citibank made "new" arguments and factual allegations in its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and to Compel Arbitration. Specifically, Plaintiff takes issue with Citibank's submission of a Declaration regarding Plaintiff's job duties and argument that there was no arbitrable dispute until Plaintiff filed her lawsuit. Plaintiff's Motion should be denied for two reasons.

First, Citibank's arguments and factual allegations are not "new," but are simply responses to arguments and factual allegations Plaintiff made in her Opposition to Defendant's Motion to Dismiss and to Compel Arbitration. Specifically, Plaintiff argued in her Opposition

---

[1] Counsel for Plaintiff did not confer with counsel for Citibank before filing her Motion for Leave as required by Local Civil Rule 7(m). Regardless, Citibank would not have consented to Plaintiff's filing of a Surreply so Plaintiff's Motion was necessary.

that she had never seen Citibank's Employee handbook and never received the Employment Arbitration Policy. Opposition, pp. 13-17. In addition, Plaintiff argued in her Opposition that Citibank should have moved to compel arbitration of her claims within the statutes of limitations applicable to the claims. Opposition, pp. 7-9. In its Reply, Citibank responded to the arguments and factual assertions Plaintiff made in her Opposition. Indeed, that is the purpose of a Reply.

Second, Plaintiff should not be permitted to file a Surreply when she created the present situation. Specifically, before filing the Motion to Dismiss and to Compel Arbitration, counsel for Citibank twice asked counsel for Plaintiff whether Plaintiff would submit her claims to arbitration. See E-mail from Paul Kennedy to Linda Correia dated Dec. 10, 2007, Exhibit 6 to Citibank's Motion to Dismiss and to Compel Arbitration ("Also, please let me know if plaintiff will consent to submitting this matter to arbitration in accordance with the policy."); Letter from Paul Kennedy to Linda Correia dated Dec. 21, 2007, Exhibit 5 to Citibank's Motion to Dismiss and to Compel Arbitration ("Please let us know by close of business on Monday, December 24 whether you will agree to submit Ms. Martin's claims against Citibank to arbitration.").

Counsel for Plaintiff did not respond to counsel for Citibank's inquiries regarding arbitration. If, instead of being nonresponsive, counsel for Plaintiff had stated that Plaintiff would not submit to arbitration voluntarily because Plaintiff allegedly had never seen the Employee Handbook, Plaintiff allegedly had never received the Employment Arbitration Policy, and/or Citibank's "arbitration demand" allegedly was untimely, Citibank would have included responses to those arguments in its initial Motion. Presumably for some unknown strategic reason, Plaintiff waited to raise her arguments until she filed her Opposition. Thus, Citibank did not have a choice about responding to Plaintiff's arguments in its initial Motion or in its Reply. Citibank responded to Plaintiff's arguments in its Reply because that is the first time that

Citibank learned of them. Plaintiff's initial refusal to be forthcoming about her position with respect to arbitration should not be rewarded now by allowing the filing of a Surreply. Permitting Plaintiff a second bite at the apple in these circumstances would be both unfair and unjust.

      For the foregoing reasons, Defendant Citibank, N.A. respectfully requests that the Court deny Plaintiff's Motion for Leave to File Surreply.

Dated: February 4, 2008                    Respectfully submitted,

                                            LITTLER MENDELSON, P.C.

                              By:    /s/ Katherine A. Goetzl
                                           Paul J. Kennedy (D.C. Bar No. 428623)
                                           Katherine A. Goetzl (D.C. Bar No. 457660)
                                           1150 17th Street N.W., Suite 900
                                           Washington, DC 20036
                                           202.842.3400  telephone
                                           202.842.0011  facsimile

                                           Counsel for Defendant Citibank, N.A.

Firmwide:84216593.1 022839.1034

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BEVERLEY MARTIN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITIBANK, N.A.,**<br><br>**Defendant.** | Civil Action No. 07-2297  (RCL) |

## **ORDER**

  Upon consideration of Plaintiff Beverley Martin's Motion for Leave to File Surreply, the opposition thereto, and the entire record, it is hereby

  ORDERED that the Motion is DENIED; and

  ORDERED that copies of this Order shall be provided to all counsel of record.


Dated: _____          _____
                   Hon. Royce C. Lamberth
                   United States District Judge

Copies to:

Paul J. Kennedy
Katherine A. Goetzl
Littler Mendelson, P.C.
1150 17th Street, N.W., Suite 900
Washington, D.C.  20036

Counsel for Defendant


Linda M. Correia
Webster, Frederickson, Henrichsen, Correia & Puth, P.L.L.C.
1775 K Street, N.W., Suite 600
Washington, D.C.  20006

Counsel for Plaintiff


Firmwide:84217094.1 022839.1034