UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEVERLEY MARTIN, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CITIBANK, N.A., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-2297 (RCL) |

**ERRATA**

Plaintiff Beverley Martin respectfully submits *Khan v. Parsons Global Services, Ltd.*, --- F.3d ----, 2008 WL 996510, No. 07-7059 (D.C. Cir. April 11, 2008), which should have accompanied Plaintiff Beverley Martin's Notice of Supplemental Authority in Support of Opposition to Motion to Dismiss and to Compel Arbitration as Attachment 1..

Respectfully Submitted,

WEBSTER, FREDRICKSON, HENRICHSEN,
CORREIA & PUTH, P.L.L.C.

  /s/  Linda M. Correia
Linda M. Correia #435027
1775 K Street, N.W., Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorney for Plaintiff Martin

## CERTIFICATE OF SERVICE

I certify that on this 18th day of April, 2008, a copy of the foregoing Errata was mailed, by first class mail, postage prepaid, to:

Paul J. Kennedy
Katherine A. Goetzl
Littler Mendelson, P.C.
1150 17th St. N.W.
Suite 900
Washington, D.C.  20036


    */s/  Linda M. Correia*
Linda M. Correia #435027
1775 K Street, N.W., Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorney for Plaintiff Martin

--- F.3d ----                                                                                                          Page 1
--- F.3d ----, 2008 WL 996510 (C.A.D.C.)
**(Cite as: --- F.3d ----, 2008 WL 996510)**

H

Khan v. Parsons Global Services, Ltd.
C.A.D.C.,2008.
Only the Westlaw citation is currently available.
United States Court of Appeals,District of Columbia Circuit.
Azhar Ali KHAN and Asma Azhar Khan, Appellants
v.
PARSONS GLOBAL SERVICES, Ltd., et al., Appellees.
No. 07-7059.

Argued Jan. 17, 2008.
Decided April 11, 2008.

**Background:** Employee and his wife brought tort claims in state court against employer and its agents to recover for injuries sustained as result of employer's alleged mishandling of ransom demands of employee's kidnappers. Following removal, the United States District Court for the District of Columbia, Royce C. Lamberth, J., granted summary judgment for defendants, and plaintiffs appealed. The Court of Appeals, 428 F.3d 1079, reversed and remanded. On remand, the District Court, 480 F.Supp.2d 327, granted employer's motion to compel arbitration and dismissed claim for intentional infliction of emotional distress. Plaintiffs appealed.

**Holdings:** The Court of Appeals, Circuit Rogers, Circuit Judge, held that:
(1) defendants waived right to compel arbitration, and
(2) complaint state claim for intentional infliction of emotional distress.

Reversed and remanded.

**[1]** Alternative Dispute Resolution 25T ⚷ 182(1)

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(D) Performance, Breach, Enforcement, and Contest
            25Tk177 Right to Enforcement and Defenses in General
                25Tk182 Waiver or Estoppel
                    25Tk182(1) k. In General. Most Cited Cases
Consistent with arbitration's contractual basis, a party may waive its right to arbitration by acting inconsistently with the arbitration right.

**[2]** Alternative Dispute Resolution 25T ⚷ 182(1)

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(D) Performance, Breach, Enforcement, and Contest
            25Tk177 Right to Enforcement and Defenses in General
                25Tk182 Waiver or Estoppel
                    25Tk182(1) k. In General. Most Cited Cases
The court views the totality of the circumstances in deciding whether the defaulting party has acted inconsistently with the arbitration right, so as to waive that right.

**[3]** Alternative Dispute Resolution 25T ⚷ 182(1)

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(D) Performance, Breach, Enforcement, and Contest
            25Tk177 Right to Enforcement and Defenses in General
                25Tk182 Waiver or Estoppel
                    25Tk182(1) k. In General. Most Cited Cases
A finding of prejudice is not necessary in order to conclude that a right to compel arbitration has been waived, although a court may consider prejudice to the objecting party as a relevant factor in its waiver analysis.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**[4]** Alternative Dispute Resolution 25T ⚷ 213(5)

25T Alternative Dispute Resolution
  25TII Arbitration
    25TII(D) Performance, Breach, Enforcement, and Contest
      25Tk204 Remedies and Proceedings for Enforcement in General
        25Tk213 Review
          25Tk213(5) k. Scope and Standards of Review. Most Cited Cases

The question of waiver or right to arbitration is one of law, which Court of Appeals reviews de novo.

**[5]** Alternative Dispute Resolution 25T ⚷ 182(2)

25T Alternative Dispute Resolution
  25TII Arbitration
    25TII(D) Performance, Breach, Enforcement, and Contest
      25Tk177 Right to Enforcement and Defenses in General
        25Tk182 Waiver or Estoppel
          25Tk182(2) k. Suing or Participating in Suit. Most Cited Cases

By filing motion for summary judgment based on matters outside of the pleadings, employer and its agents waived their right to compel arbitration of tort claims brought by employee to recover for injuries sustained as result of employer's alleged mishandling of ransom demands of employee's kidnappers; although motion for summary judgment was submitted as an alternative to dismissal or compelled arbitration, motion effectively requested that district court decide either to retain the case or to send the dispute to another forum, motion addressed merits of claims by raising affirmative defense that claims were limited by employment contract to workers' compensation insurance, right to compel arbitration was neither unknown nor inchoate prior to reversal by Court of Appeals of District Court's grant of summary judgment to employer and agents, and employee and wife suffered significant prejudice by having been forced to expend time and resources to oppose two motions in the District Court and to brief two appeals before Court of Appeals.

**[6]** Alternative Dispute Resolution 25T ⚷ 182(2)

25T Alternative Dispute Resolution
  25TII Arbitration
    25TII(D) Performance, Breach, Enforcement, and Contest
      25Tk177 Right to Enforcement and Defenses in General
        25Tk182 Waiver or Estoppel
          25Tk182(2) k. Suing or Participating in Suit. Most Cited Cases

Where a party moves for summary judgment through a motion including or referring to matters outside the pleading, that party has made a decision to take advantage of the judicial system and should not be able thereafter to seek compelled arbitration. Fed.Rules Civ.Proc.Rules 12(b)(6), 12(d), 28 U.S.C.A.

**[7]** Alternative Dispute Resolution 25T ⚷ 182(2)

25T Alternative Dispute Resolution
  25TII Arbitration
    25TII(D) Performance, Breach, Enforcement, and Contest
      25Tk177 Right to Enforcement and Defenses in General
        25Tk182 Waiver or Estoppel
          25Tk182(2) k. Suing or Participating in Suit. Most Cited Cases

A defendant who seeks arbitration only as an alternative to summary judgment takes the risk that the court will rule on the merits of the plaintiff's claims, thereby precluding the defendant from seeking arbitration subsequently.

**[8]** Alternative Dispute Resolution 25T ⚷ 182(2)

25T Alternative Dispute Resolution

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

25TII Arbitration
    25TII(D) Performance, Breach, Enforcement, and Contest
        25Tk177 Right to Enforcement and Defenses in General
            25Tk182 Waiver or Estoppel
                25Tk182(2) k. Suing or Participating in Suit. Most Cited Cases

Irrespective of other indicators of involvement in litigation, filing a motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration.

**[9] Damages 115 ⚷57.21**

115 Damages
    115III Grounds and Subjects of Compensatory Damages
        115III(A) Direct or Remote, Contingent, or Prospective Consequences or Losses
            115III(A)2 Mental Suffering and Emotional Distress
                115k57.19 Intentional or Reckless Infliction of Emotional Distress; Outrage
                    115k57.21 k. Elements in General. Most Cited Cases

Under District of Columbia law, a claim of intentional infliction of emotional distress requires a showing of (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress.

**[10] Damages 115 ⚷57.22**

115 Damages
    115III Grounds and Subjects of Compensatory Damages
        115III(A) Direct or Remote, Contingent, or Prospective Consequences or Losses
            115III(A)2 Mental Suffering and Emotional Distress
                115k57.19 Intentional or Reckless Infliction of Emotional Distress; Outrage
                    115k57.22 k. Nature of Conduct. Most Cited Cases

Whether conduct is extreme and outrageous, as required to support claim for intentional infliction of emotional distress under District of Columbia law, depends on applicable contemporary community standards of offensiveness and decency, and the specific context in which the conduct took place; the conduct must constitute behavior that is atrocious and utterly intolerable.

**[11] Damages 115 ⚷57.58**

115 Damages
    115III Grounds and Subjects of Compensatory Damages
        115III(A) Direct or Remote, Contingent, or Prospective Consequences or Losses
            115III(A)2 Mental Suffering and Emotional Distress
                115k57.50 Labor and Employment
                    115k57.58 k. Other Particular Cases. Most Cited Cases

Allegations of employee and his wife in complaint against employer and its agents concerning their alleged mishandling of ransom demands of employee's kidnappers were sufficient to state claim for intentional infliction of emotional distress under District of Columbia law; complaint alleged that employer and its agents had disregarded employee's safety in favor of minimizing future corporate kidnappings, thereby provoking employee's kidnappers to torture him, to cut off a piece of his ear, and to send a videotape of the event to employer, causing employee and his wife severe mental distress.

Appeal from the United States District Court for the District of Columbia (No. 03cv01574).
Cyril V. Smith argued the cause for appellants. With him on the briefs was Elaine Charlson Bredehoft.
Matthew D. McGill argued the cause for appellees. With him on the brief was Eugene Scalia.

Before GINSBURG, ROGERS and GRIFFITH, Circuit Judges.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Opinion for the Court by Circuit Judge ROGERS.

ROGERS, Circuit Judge.

**\*1** This is the second appeal by Azhar Ali Khan and his wife, Asma Azhar Khan, from a judgment on their claims against his employer and its agents (collectively "Parsons") to recover for injuries sustained as a result of Parsons' alleged mishandling of ransom demands by Mr. Khan's kidnappers. In the first appeal, the court reversed the grant of summary judgment for Parsons, holding that the Khans' recovery on their tort claims was not limited by Mr. Khan's employment contract to workers' compensation insurance. *Khan v. Parsons Global Servs., Ltd.,* 428 F.3d 1079 (D.C.Cir.2005) (*"Khan I"*). In this appeal, the Khans contend that the district court erred in granting Parsons' motion to compel arbitration, denying their discovery requests for lack of jurisdiction, and dismissing Mrs. Khan's claim for intentional infliction of emotional distress. We hold that Parsons waived its right to enforce the arbitration clause in Mr. Khan's employment contract. We further hold that the complaint stated a cause of action for Mrs. Khan's claim of intentional infliction of emotional distress. Accordingly, we reverse.

**I.**

The events underlying the Khans' complaint arose during Mr. Khan's employment by Parsons in the Philippines. On one of his days off, when Parsons' offices were closed, he was kidnaped and subsequently tortured. Parsons allegedly delayed paying the ransom that was demanded until after Mr. Khan's kidnapers carried out their threat to cut off part of his ear. The allegations in the complaint are set forth in *Khan I,* 428 F.3d at 1081-82. At the time of his kidnapping, the terms of Mr. Khan's employment contract ("the Agreement") included a broadly worded arbitration clause, applicable to "any controversy or claim [arising] out of [the Agreement,] the breach hereof or in any other way related hereto or otherwise related to or arising out of employment by [Parsons]." Agreement at A-3.

The Agreement also included a separate clause specifying that the "worker's compensation insurance" carried by Parsons should serve as "full and exclusive compensation for any compensable bodily injury ... arising out of and in the course of Employee's employment hereunder." *Id.* at A-2.

In May 2003, the Khans filed negligence and intentional infliction of emotional distress claims against Parsons in the D.C. Superior Court. Parsons removed the case to the federal district court pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), *opened for signature*June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38. *See also*9 U.S.C. §§ 202-03; 205. On July 29, 2003 Parsons filed a single motion to dismiss or, alternatively, for summary judgment or to compel arbitration. Specifically, Parsons argued in its motion that all of the Khans' claims were addressed by the workers' compensation clause. In support of its motion, Parsons submitted testimony on its behalf, including two declarations by its employees, one of which stated that workers compensation had covered part of Mr. Khan's lost wages, and an email from Parsons to Mrs. Khan on the applicability of workers' compensation, asserting that Parsons' insurer agreed with its position that Mr. Khan's injuries were work related. The motion independently sought dismissal of the complaint against four Parsons entities for alleged pleading defects. The Khans filed an opposition, set forth material issues of disputed fact, and submitted two declarations, one of which outlined potential discovery pursuant to FED.R.CIV.P. 56(f). Parsons filed a reply reiterating its argument regarding workers' compensation. On March 22, 2004, the district court granted summary judgment to Parsons on the ground that workers' compensation was the Khans' exclusive remedy; it denied Parsons' motion to compel arbitration as moot. The district court denied the Khans' motion for reconsideration, which was opposed by Parsons, on September 2, 2004.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

***2** This court, over Parsons' objections, reversed the grant of summary judgment. *Khan I,* 428 F.3d at 1081. Parsons then filed with the district court a motion to compel arbitration with a supporting memorandum on April 17, 2006. Over the Khans' opposition, including their argument that Parsons had waived its right to arbitrate by having engaged in litigation on the merits of their claims, the district court granted the motion to compel, ruling that all but one of the Khans' claims were subject to arbitration. *Parsons Global Servs., Ltd.,* 480 F.Supp.2d 327, 332-43 (D.D.C.2007) (*"Khan II"*). The district court rejected the Khans' arguments that the arbitration clause was waived or unenforceable or could not be invoked by defendants that had not signed the Agreement. It also ruled that Mrs. Khan's negligence claim was subject to the arbitration clause and, *sua sponte,* dismissed with prejudice her claim for intentional infliction of emotional distress. The district court then denied the Khans' motion for discovery for lack of jurisdiction. The Khans appeal, and our review is *de novo. See Stewart v. Nat'l Educ. Ass'n,* 471 F.3d 169, 173 (D.C.Cir.2006); *Colbert v. Potter,* 471 F.3d 158, 164 (D.C.Cir.2006).

## II.

[1] The Supreme Court has held that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration .... whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). However, consistent with arbitration's contractual basis, a party may waive its right to arbitration by acting "inconsistently with the arbitration right." *National Foundation for Cancer Research v. A .G. Edwards & Sons, Inc.,* 821 F.2d 772, 774 (D.C.Cir.1987).FN1 The Khans contend that because Parsons actively participated in their lawsuit by seeking judicial resolution of the substance of the arbitrable claims, it acted inconsistently with its right to compel arbitration and thus waived that right. In particular, they maintain that, by definition, Parsons' motion for summary judgment should constitute a waiver. The Khans also contend that they suffered delay and prejudice as a result of Parsons' litigation activities, and given that the gravamen of their claims concern Parsons' conduct in responding to Mr. Khan's kidnapping, imprisonment, and torture, Parsons' non-pursuit of discovery should not figure in any waiver analysis because "discovery will likely focus almost entirely on documents and testimony in the possession and control of [Parsons]." Appellants' Br. at 20.

[2][3][4] In this circuit, the court views "the totality of the circumstances [in deciding whether] the defaulting party has acted inconsistently with the arbitration right.... [O]ne example of [such] conduct ... is active participation in a lawsuit."*National Foundation,* 821 F.2d at 774-75 (citing *Cornell & Co. v. Barber & Ross Co.,* 360 F.2d 512, 513 (D.C.Cir.1966)). A finding of prejudice is not necessary in order to conclude that a right to compel arbitration has been waived, although "a court may consider prejudice to the objecting party as a relevant factor" in its waiver analysis. *Id.* at 777.The facts of Parsons' pretrial participation in the litigation of the Khans' claims are undisputed; the only question is whether that participation waived its right to compel arbitration. "The question of waiver is one of law, which we review *de novo."Id.* at 774.

### A.

***3** [5] As an initial matter, Parsons' contention that its right to compel arbitration was originally "unknown or inchoate" and thus could not be waived until this court's decision in *Khan I* clarified that the Khans' claims were arbitrable because workers' compensation did not apply, Appellees' Br. at 18, is not credible. Parsons understood that it possessed a potential right to arbitration prior to *Khan I.* Its removal of the Khans' lawsuit to federal court was based on the New York Convention ad-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

dressing foreign arbitration, and its motion in the district court included arbitration as an alternative to summary judgment and dismissal. In addition, before the district court ruled on its motion, Parsons' counsel proposed that the Khans submit to arbitration, advising that the Agreement specified "arbitration of disputes related to [Mr. Khan's] employment."Letter from Eugene Scalia, Esq., to Cyril V. Smith, Esq. (July 21, 2003). These actions do not suggest any confusion over the right to compel arbitration.

The court has not previously held that a motion for summary judgment, standing alone, suffices to constitute a waiver of colorably arbitrable claims. In *National Foundation* the court held that a motion for summary judgment, pursued until denied by the district court despite intervening legal decisions clarifying that arbitration was possible, 821 F.2d at 776-77, constituted a demand for "resolution on the merits" and was the final indicator of "a conscious decision to exploit the benefits of pretrial discovery and motion practice, ... [an] election [ ] wholly inconsistent with an intent to arbitrate and constitut[ing] an abandonment of the right to seek arbitration," *id.* at 776.However, this holding arose in a context of long delay before invocation of the right to arbitration, extensive pretrial discovery, and both economic and tactical prejudice to the non-moving party. *Id.* at 775-78.Other circuit courts of appeals have been more direct in assessing the relationship between summary judgment and waiver of the right to compel arbitration. The Second Circuit has stated that any motion for summary judgment would constitute waiver of the right to compel arbitration. *Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.,* 754 F.2d 457, 465 (2d Cir.1985) (dictum). The Seventh Circuit has similarly stated that a motion to dismiss or in the alternative for summary judgment is an "[e]specially telling" factor in assessing whether a party waived a right to arbitration. *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.,* 969 F.2d 585, 589 (7th Cir.1992) (citing *Sweater Bee by Banff, Ltd.,* 754 F.2d at 465). Even circuits requiring evidence of prejudice before finding waiver of a right to compel arbitration have observed that a motion for summary judgment, in view of the time and expense associated with such litigation activity, "could not have caused anything but substantial prejudice to the [plaintiffs]."*Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156, 1162 (5th Cir.1986) (citation omitted); *accord Ehleiter v. Grapetree Shores, Inc.,* 482 F.3d 207, 224 (3d Cir.2007).

**\*4** Parsons maintains that it "sought dismissal of the Khans' claims not because [they] were meritless but rather because ... workers' compensation provided the exclusive relief."Appellees' Br. at 18. Further, Parsons maintains, under the standard in *National Foundation,* its involvement in litigation of the Khans' claims was too limited in scope to constitute waiver. Noting that it did not move for discovery, nor file an answer asserting affirmative defenses, Parsons contends that "at most ... [only] a motion for summary judgment on the merits of an arbitrable claim, filed after substantial discovery, can waive the movant's right to arbitrate that claim."*Id.* at 19 (emphasis omitted).

Parsons' position that its motion did not address the merits of the Khans' claims is unpersuasive. The motion sought not just dismissal, but also summary judgment; the district court granted summary judgment; Parsons opposed the Khans' motion for reconsideration; and Parsons reaffirmed its desire that summary judgment be upheld as late as the oral argument before the court in *Khan I, see* Oral Arg. Transcript (No. 04-7162, Oct. 6, 2005) at 25. This record allows no ambiguity concerning Parsons' involvement in litigation on the merits. A summary judgment motion by definition "goes to the merits of the case."10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2712 (3d ed.2007); *accord Prakash v. Am. Univ.,* 727 F.2d 1174, 1181-82 (D.C.Cir.1984) (citations omitted).

Parsons' suggestion that the merits of its workers' compensation argument are completely separated from the merits of the Khans' claims is also uncon-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

vincing. Parsons insisted on reserving the right to present its workers' compensation argument to any future arbitration panel considering the Khans' claims-suggesting a close relationship between the merits issues it asserts are independent of each other. *See* Memorandum in Support of Defendants' Motion to Compel Arbitration at 5 n. 2, *Khan II,* 480 F.Supp.2d. 327 (D.D.C.2007) (No. 03-1574) ("2006 Motion to Compel"); Defendants' Statement Regarding Proposed Scheduling Order at 3 n. 1, *Khan II,* 480 F.Supp.2d. 327 (D.D.C.2007) (No. 03-1574) ("2006 Proposal"). More fundamentally, Parsons' claim that the Agreement mandated coverage under workers' compensation was, in fact, an affirmative defense, and by arguing that the Khans' claims were of a type addressed by a particular category of compensation, Parsons' motion necessarily addressed these claims' merits. Had Parsons succeeded on appeal in *Khan I* in obtaining affirmance of summary judgment, then the Khans' remedies would have been limited to the workers' compensation insurance carried by Parsons. *Cf. Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.,* 547 U.S. 651, 663, 126 S.Ct. 2105, 165 L.Ed.2d 110 (2006); *WMATA v. Johnson,* 467 U.S. 925, 931-32, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984).

### B.

It is true that Parsons submitted its motion for summary judgment as an alternative to dismissal or compelled arbitration. In addition, unlike the brokerage firm seeking arbitration in *National Foundation,* 821 F.2d at 773, 775, Parsons did not undertake discovery from the Khans, and more broadly, its engagement with the litigation process was limited apart from its motion and its subsequent appellate argument. Nonetheless, Parsons' pursuit of summary judgment was the signifier of "a conscious decision ... to have the substance of [the Khans'] ... claims decided by a court." *Id.* at 776.

**\*5** [6] Firstly, we do not find probative Parsons' characterization of its motion as one for dismissal of the complaint, or, in the alternative, for summary judgment. Admittedly a motion to dismiss may not be inconsistent with the intent to arbitrate, as where a party seeks the dismissal of a frivolous claim. *See St. Mary's Med. Ctr. of Evansville, Inc.,* 969 F.2d at 589; *Sweater Bee by Banff, Ltd.,* 754 F.2d at 465. But where, as here, a party moves for summary judgment through a motion including or referring to "matters outside the pleading[ ]," *see* FED.R.CIV.P. 12(d) (2008); *see also* FED.R.CIV.P. 12(b)(6) (2008), that party has made a decision to take advantage of the judicial system and should not be able thereafter to seek compelled arbitration. A less rigorous approach to summary judgment based on materials outside the pleadings would encourage parties to attempt repeat litigation of merits issues not resolved to their satisfaction, undermining the "policy that arbitration may not be used as a strategy to manipulate the legal process." *National Foundation,* 821 F.2d at 776. Parsons' conduct well illustrates this point. After failing to persuade this court in *Khan I* that workers' compensation insurance was the Khans' exclusive remedy, Parsons on remand to the district court reserved the right to raise the issue of workers' compensation insurance again at arbitration, *see* 2006 Motion to Compel at 5 n. 2; 2006 Proposal at 3 n. 1, thus indulging in "a second bite at the very questions presented to the court for disposition," *National Foundation,* 821 F.2d at 776.

[7] Secondly, Parsons cannot salvage its right to seek arbitration, upon prevailing on its motion for summary judgment but losing on appeal, solely because it sought arbitration in the alternative to summary judgment. Parsons' motion effectively requested that the district court decide either to retain the case or to send the dispute to another forum. The first alternative presupposed that the district court was the appropriate forum for the adjudication of the Khans' claims, whereas the second proceeded from the opposite premise. Having ceded the choice of forum to the district court, Parsons cannot avoid the consequences of that court's decision to rule on its motion for summary judgment, which relied on

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

sources outside of the pleadings in engaging the merits of the Khans' claims. Just as "[t]he defendant who files [a Rule] 12(b)(6) motion takes the risk" that the court will dispose of the motion under Rule 56, *Sweater Bee by Banff, Ltd.,* 754 F.2d at 465, so too a defendant who seeks arbitration only as an alternative to summary judgment "takes the risk" that the court will rule on the merits of the plaintiff's claims, thereby precluding the defendant from seeking arbitration subsequently.

Consequently, the limited extent of Parsons' litigation activity is of no moment. Had Parsons prevailed on appeal in *Khan I,* then it would have secured all that it could have obtained in arbitration on the basis of a substantial defense on the merits. Moreover, even if filing a motion for summary judgment alone did not definitively waive Parsons' right to compel arbitration, independent of other litigation activity, two additional considerations would render waiver appropriate here. First, the specifics of Parsons' litigation posture allowed for fewer indicia of litigation activity than in cases like *National Foundation* and *St. Mary's Medical Center of Evansville, Inc.* Parsons' non-pursuit of discovery is unsurprising given that "discovery w[ould] likely focus almost entirely on documents and testimony in the possession and control of [Parsons]." Appellants' Br. at 20. In addition, once its first motion resulted in a favorable judgment on the merits, Parsons had achieved its litigation aims, making further litigation activity unnecessary. Second, the Khans have suffered significant prejudice. They have been forced to expend time and resources to oppose two motions in the district court and to brief two appeals in this court. As the court held in *National Foundation,* "[b]y moving for summary judgment, [Parsons] forced [the Khans] to litigate the substantive issues in the case[;] ... [b]eing compelled to bear the expense of this proceeding constitutes prejudice." 821 F.2d at 777.

**\*6** [8] We hold that, irrespective of other indicators of involvement in litigation, filing a motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration; if the motion is accompanied by a motion to compel arbitration in the alternative, the movant takes the risk that the district court will choose to rule on the motion for summary judgment, thereby preventing the movant from subsequently seeking arbitration. Parsons' motion invited the district court to consider the merits of the Khans' claims and the district court's grant of summary judgment signified acceptance of the invitation. Parsons must now accept the result of its chosen litigation strategy: waiver of its right to compel arbitration. Because Parsons waived its right to any arbitration, the court need not address the Khans' challenges to the enforceability and applicability of the arbitration clause.

### III.

[9][10] Under District of Columbia law, a claim of intentional infliction of emotional distress requires a showing of "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Darrow v. Dillingham & Murphy, LLP,* 902 A.2d 135, 139 (D.C.2006) (internal quotations omitted). Whether conduct is "extreme and outrageous" depends on "applicable contemporary community standards of offensiveness and decency, and [ ] the specific context in which the conduct took place." *King v. Kidd,* 640 A.2d 656, 668 (D.C.1993) (citations omitted). More specifically, the conduct must, as Parsons notes, constitute behavior that is " 'atrocious' and 'utterly intolerable.' " Appellee's Br. at 46 (citing *Stevenson v. Bluhm,* No. 06-0632, 2006 WL 3096688, at \*2 (D.D.C. Oct.31, 2006) (internal quotations omitted)). Although this standard is demanding, the allegations in the Khans' complaint are sufficient to state a claim, especially given that inferences derived from these allegations should be drawn in Mrs. Khan's favor. *Broudy v. Mather,* 460 F.3d 106, 116-17 (D.C.Cir.2006).

[11] The district court, acting *sua sponte,* reasoned that Parsons had not engaged in "extreme or out-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

rageous" conduct and that "there is no evidence that this situation was caused either directly or indirectly by [Parsons]."*Khan II,* 480 F.Supp.2d at 342. As to the former, the Khans alleged, among other things, that Parsons had disregarded Mr. Khan's safety in favor of minimizing future corporate kidnappings, thereby provoking Mr. Khan's kidnappers to torture him, to cut off a piece of his ear, and to send a videotape of the event to Parsons, causing the Khans severe mental distress. Mrs. Khan certainly can allege facts, consistent with the complaint, that are "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency."*Hill v. Medlantic Health Care Group,* 933 A.2d 314, 334 (D.C.2007) (internal quotations omitted). For example, Parsons' alleged successful efforts to prevent Mrs. Khan from privately paying the ransom, despite threats of torture and mutilation, may have exposed Mrs. Khan to the guilt of knowing that she could have prevented Mr. Khan's suffering and disfigurement if she had been able to convince Parsons to provide the ransom details that they withheld from her. In the context of Mr. Khan's employment by Parsons, this could certainly be considered "atrocious" conduct. The complaint also alleges that Parsons' actions were intentional and that Mrs. Khan suffered severe emotional distress. The absence of evidence is hardly surprising; the Khans have done nothing more than file a complaint and defend against Parsons' motions and the grant of summary judgment. We hold that the Khans' allegations are sufficient to meet the criteria for intentional infliction of emotional distress under *Darrow,* rendering dismissal inappropriate. *Cf. Bell Atl. Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

**\*7** Accordingly, we reverse the order and judgment granting Parsons' motion to compel arbitration, denying the Khans' discovery requests, and dismissing Mrs. Khan's claim for intentional infliction of emotional distress, and we remand the case to the district court. Now that the arbitration predicate for removal will no longer obtain, the district court might consider whether to remand the case to the D.C. Superior Court.

> FN1. While *Moses H. Cone Memorial Hospital* and *National Foundation for Cancer Research* arose out of Chapter 1 of the Federal Arbitration Act, and our case arises under the New York Convention, Chapter 1 applies whenever not inconsistent with the New York Convention. 9 U.S.C. § 208.

C.A.D.C.,2008.
Khan v. Parsons Global Services, Ltd.
--- F.3d ----, 2008 WL 996510 (C.A.D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.