UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BEVERLEY MARTIN,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**CITIBANK, N.A.,**<br><br>　　　　**Defendant.** | Civil Action No. 07-2297  (RCL) |

**DEFENDANT CITIBANK, N.A.'S RESPONSE
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

　　Defendant Citibank, N.A. ("Citibank"), by its undersigned counsel, hereby submits its Response to Plaintiff Beverley Martin's Notice of Supplemental Authority. Contrary to Plaintiff's assertions in her Notice of Supplemental Authority, the U.S. Court of Appeals for the District of Columbia Circuit's decision in Khan v. Parsons Global Services, Ltd.[1] in no way undermines Citibank's argument that its actions in this case did not waive its right to arbitration.

　　Citibank cited this Court's opinion in Khan in response to Plaintiff's argument that, by removing the case from the District of Columbia Superior Court to this Court, Citibank had waived its right to arbitration. See Plaintiff's Opposition to Motion to Dismiss and to Compel Arbitration, pp. 4-7; Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss and to Compel Arbitration, pp. 2-4. The U.S. Court of Appeals for the District of Columbia Circuit did not hold in Khan that removal – one of the *many* actions which the defendant in Khan took – waives the right to arbitration. In fact, it did not even mention removal as a factor to be considered in deciding whether arbitration has been waived. The appellate court ruled that

---

[1] Plaintiff submitted a copy of the Khan decision as an Errata on April 18, 2008.

"filing a motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration; if the motion is accompanied by a motion to compel arbitration in the alternative, the movant takes the risk that the district court will choose to rule on the motion for summary judgment, thereby preventing the movant from subsequently seeking arbitration." 2008 WL 996510 *6 (D.C. Cir. Apr. 11, 2008).

The differences between the actions taken by the defendant in <u>Khan</u> and by Citibank in this case are stark and support Citibank's position that it has not waived its right to arbitration. In <u>Khan</u>, the defendant filed a motion to dismiss or, alternatively, for summary judgment or to compel arbitration. 2008 WL 996510 *1. In this case, Citibank filed a Motion to Dismiss and to Compel Arbitration. Thus, unlike the defendant in <u>Khan</u>, Citibank has not "invited the district court to consider the merits of the [plaintiffs'] claims." <u>Id.</u> at *6. It is disingenuous to suggest otherwise. Citibank has simply asked this Court to determine the appropriate forum for the resolution of Plaintiff's claims.

Nor is there any evidence of either of the two additional considerations which the U.S. Court of Appeals for the District of Columbia Circuit found probative of waiver in <u>Khan</u>. <u>Id.</u> at *5. First, like the defendant in <u>Khan</u>, Citibank pursued no discovery before moving to compel arbitration. However, in <u>Khan</u>, the appeals court noted that the defendant's non-pursuit of discovery was unsurprising given the initial grant of summary judgment in defendant's favor and the plaintiffs' assertions that the defendant already possessed most of the discoverable materials. <u>Id.</u> In this case, because there has been no decision on the merits of Plaintiff's claims and no assertion by Plaintiff that Citibank already possesses most of the discoverable materials in this case, Citibank's non-pursuit of discovery is not "unsurprising." Therefore, the Court should not discount Citibank's non-pursuit of discovery in deciding whether Citibank waived arbitration.

Second, the appellate court found that the Khan plaintiffs suffered significant prejudice because they had to oppose the motion for summary judgment, then appeal the district court's grant of that motion, then oppose the defendant's motion to compel arbitration, and then appeal the district court's grant of that motion over a period of four years. Id. The tortured and lengthy procedural history in Khan plainly does not exist here, and Plaintiff has suffered no such significant prejudice.

In sum, the U.S. Court of Appeals for the District of Columbia Circuit's decision in Khan does not support Plaintiff's argument that Citibank waived its right to arbitration by removing the case from the District of Columbia Superior Court to this Court.

Dated: April 25, 2008                          Respectfully submitted,

                                               LITTLER MENDELSON, P.C.

                                    By:    /s/ Katherine A. Goetzl
                                           Paul J. Kennedy (D.C. Bar No. 428623)
                                           Katherine A. Goetzl (D.C. Bar No. 457660)
                                           1150 17th Street N.W., Suite 900
                                           Washington, DC 20036
                                           202.842.3400 telephone
                                           202.842.0011 facsimile

                                           Counsel for Defendant Citibank, N.A.

Firmwide:84969261.1 022839.1034